UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERICK J. PARKER<br>5055 Seminary Rd., #1425<br>Alexandria, VA 22311,<br><br>            Plaintiff,<br><br>    v.<br><br>OFFICER GARY WALKER, JR.<br>Badge #0221<br>Metropolitan Police Department<br>Fifth District - 1805 Bladensburg Rd., N.E.<br>Washington, DC 20002,<br><br>Officer John Doe<br>Metropolitan Police Department<br>Fifth District - 1805 Bladensburg Rd., N.E.<br>Washington, DC 20002,<br><br>        *and*<br><br>DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20004,<br><br>            Defendants. | Case No.: _____<br><br><br><br>Jury Trial Demanded |

**COMPLAINT**
**(Police Misconduct: Violation of rights under the Constitution of the United States
and the common law of the District of Columbia)**

1.    This is an action for damages and other relief by Erick J. Parker, who while at work was arrested, detained, and publicly humiliated by police officers without any lawful basis and with the sole and illegitimate purpose of embarrassing Mr. Parker. The officers' actions were an intentional and outrageous violation of Mr. Parker's constitutional and other rights, constituting

an unreasonable seizure, false arrest, assault and battery, and intentional infliction of emotional distress.  The plaintiff accordingly seeks compensatory and punitive damages, fees, costs, and other appropriate relief.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331.  The plaintiff brings this action under 42 U.S.C. § 1983 to vindicate rights established under the Fourth Amendment to the United States Constitution.  He also seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  His claims under the common law of the District of Columbia arise from the same occurrences as his constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  The events giving rise to the plaintiff's claims occurred in this judicial district.

## PARTIES

4.   Plaintiff Erick J. Parker is an adult resident of the State of Virginia.

5.   Defendant Gary Walker, Jr., is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), assigned Badge No. 0221.  He is sued in his individual capacity.

6.   Defendant John Doe is an unknown sworn officer employed by the MPD.  He is sued in his individual capacity.

7.   Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C.

**FACTS**

8. On the evening of November 26, 2006, Mr. Parker was working at Rite-Aid Pharmacy #4957, located at 1401 Rhode Island Ave., N.E., Washington, D.C. 20018, where he was the Store Manager. Employees at the store at the time included Mr. Parker, cashier Latonya Dempsey, Loss Prevention Assistant Tasha Reid, and pharmacist Cleophus Atkins.

9. At around 8:00 p.m., an argument began as Ms. Dempsey rang up purchases for a customer. The customer wanted a price check on an item that she purchased because the price rang up higher than she thought it should. Mr. Parker, who was working at the Photo Department, arrived to assist. There were several other customers waiting in line. So that Ms. Dempsey could serve those customers while he performed the price check, Mr. Parker voided the customer's sale. He told the customer that he would finish the transaction at the Photo Department register after he completed the price check.

10. The customer, who was accompanied by her daughter, was dissatisfied with Mr. Parker's explanation and began to argue with him, demanding that he immediately perform the price check and complaining that she had not told him to void her sale. Around that time, Mr. Atkins, later identified as the customer's husband, arrived near the register. The customer started to complain to him about Mr. Parker, calling him a "poor manager." Mr. Parker told her that she could leave the store or file a complaint with the Rite-Aid corporate office.

11. The argument between Mr. Parker and the customer was at all times verbal; it did not escalate to yelling or disruptive conduct.

12. Officer Gary Walker, Jr., and another officer from the MPD Fifth District entered the store, apparently by coincidence. They witnessed the argument. The other officer asked Mr. Parker if Mr. Parker could speak with him in Mr. Parker's office. Mr. Parker agreed.

13. Officer Walker remained at the register and questioned the customer and her daughter, while Mr. Parker led the other officer to the office. Mr. Parker explained that the customer appeared dissatisfied with his handling of her inquiry about a price. The officer told Mr. Parker to "stay calm" and said that he should not have gotten so upset.

14. After Mr. Parker finished explaining what happened, he and the other officer waited in the office for Officer Walker.

15. Officer Walker came into the office. He immediately was aggressive and confrontational. Nothing Mr. Parker had said or done warranted Officer Walker's reaction.

16. The first thing Officer Walker said to Mr. Parker was: "You know we can arrest you?" Mr. Parker responded: "No, you can't. I didn't do anything wrong." The other officer told Mr. Parker to put his hands behind his back. He complied. The officers handcuffed him and told him that he was under arrest.

17. When the two officers led Mr. Parker out of the office, Officer Walker said: "We are going to show you what we can do. We're going to embarrass you." They paraded Mr. Parker through the store. Instead of continuing out the door to their cruiser, they instructed Mr. Parker to sit on a low storage container at the front of the store, in handcuffs and in full view of customers and staff. To Mr. Parker, this position was extremely demeaning.

18. Officer Walker resumed talking to the customer and her daughter, while his partner stood next to Mr. Parker as though guarding a prisoner. After approximately ten minutes, Officer Walker returned and the other officer walked away. Officer Walker requested Mr. Parker's driver's license and asked if he was calm. He then told Mr. Parker: "You know how you can get yourself out of this situation?" Mr. Parker asked how. Officer Walker responded:

"Apologize to this lady." Lacking any other way to end his humiliating ordeal, Mr. Parker agreed to apologize.

19. Officer Walker motioned to the other officer to locate the customer and her daughter. During this time period Mr. Parker remained seated, handcuffed, and in the same demeaning position. After approximately fifteen minutes, the customer and her daughter came to the front of the store. The officers finally removed the handcuffs. Mr. Parker apologized to the customer and her daughter at the front of the store, in full view of other customers and Rite-Aid staff.

20. Mr. Parker issued the customer a rain check and began closing the store. The officers continued to chat with the customer and her daughter. Eventually the officers and the customer left. The entire incident lasted about an hour and fifteen minutes.

21. In total, Mr. Parker was handcuffed and forcibly seated at the front of the store under police watch for about twenty-five minutes. At all times he was publicly visible to customers and other store staff.

22. Mr. Parker was embarrassed and extremely humiliated by this event. This was the specific purpose of Officer Walker and the other officer as evidenced by their comments to Mr. Parker: to publicly shame him.

23. The officers' actions deprived Mr. Parker of his liberty. But he was never charged with a crime.

24. At no time did the officers have reasonable suspicion or probable cause to believe Mr. Parker had committed, was committing, or was about to commit a criminal offense.

25. On information and belief, no written police record was created documenting Mr. Parker's arrest and its basis in fact and law.

26. On information and belief, the officers made no written report of the arrest because they knew that their actions lacked any lawful basis.

27. At all times relevant to this complaint, the officers acted under color of law, statute, custom, or usage of the District of Columbia.

28. At all times relevant to this complaint, the officers acted within the scope of their employment as MPD officers and acted on behalf of and in the interests of their employer.

29. The officers acted with malice towards Mr. Parker and with reckless indifference to and deliberate disregard of his constitutional and other legal rights.

30. At the time of Mr. Parker's arrest, it was clearly established as a matter of law that the state may not seize or arrest an individual without probable cause to believe that he had committed, was committing, or was about to commit a criminal offense.

31. The notice-of-claim requirement stated in D.C. Code § 12-309 was satisfied by a January 12, 2007, letter sent by counsel and acknowledged by the D.C. Government Office of Risk Management. The Office of Risk Management identified the claim as #DMPSJ009945.

32. Mr. Parker filed complaints about these events with the MPD and with the District of Columbia Office of Police Complaints. On or about April 13, 2007, the Office of Police Complaints informed Mr. Parker that it would take no further action on his complaint because the MPD had investigated and sustained Mr. Parker's complaint and "MPD will take or has taken disciplinary action against the officers."

### CLAIM I: VIOLATION OF FOURTH AMENDMENT RIGHTS
(Officer Gary Walker, Jr., and Officer John Doe)

33. On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer John Doe are liable to the plaintiff for violation under color of District of Columbia law of his constitutional right to be free from unreasonable seizure when they arrested the plaintiff without

probable cause to believe that he was committing a crime. The right to be free from unreasonable seizure is protected by the Fourth Amendment to the United States Constitution and its violation is made actionable by 42 U.S.C. § 1983.

### CLAIM II: FALSE ARREST
### (Officer Gary Walker, Jr., and Officer John Doe)

34. On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer John Doe are liable to the plaintiff under District of Columbia law for false arrest when the officers arrested the plaintiff without any basis in fact or good-faith belief that there was probable cause to believe the plaintiff had committed, was committing, or was about to commit a crime.

### CLAIM III: FALSE ARREST
### (District of Columbia)

35. On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for false arrest based on a theory of *respondeat superior* liability when its employees Officer Gary Walker, Jr., and Officer John Doe, acting in the scope of their employment, arrested plaintiff without any basis in fact or good-faith belief that there was probable cause to believe that the plaintiff had committed, was committing, or was about to commit a crime.

### CLAIM IV: ASSAULT AND BATTERY
### (Officer John Doe)

36. On the facts alleged above, defendant Officer John Doe is liable to the plaintiff under District of Columbia law for assault and battery when, without any lawful basis, Officer Doe used physical force to cuff the plaintiff's hands behind his back and to parade him through the store.

### CLAIM V:  ASSAULT AND BATTERY
**(District of Columbia)**

37. On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for assault and battery based on a theory of *respondeat superior* liability when its employee, Officer John Doe, acting in the scope of his employment, used physical force to cuff the plaintiff's hands behind his back and to parade him through the store.

### CLAIM VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Officer Gary Walker, Jr., and Officer John Doe)**

38. On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer John Doe are liable to the plaintiff under District of Columbia law for intentional infliction of emotional distress when, without any lawful basis, the officers abused their positions in order to publicly humiliate the plaintiff by parading him and detaining him in handcuffs in full view of customers and staff.  The officers either intended to cause severe emotional distress or recklessly disregarded the likelihood that they would cause such distress, and they did in fact cause Mr. Parker severe emotional distress.

### CLAIM VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia)**

39. On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for intentional infliction of emotional distress based on a theory of *respondeat superior* liability when its employees Officer Gary Walker, Jr., and Officer John Doe, acting in the scope of their employment but without any lawful basis, publicly humiliated the plaintiff by parading him and detaining him in handcuffs in full view of customers and staff, intentionally or recklessly causing him severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court:

(a) ENTER JUDGMENT declaring that the actions of the defendants violated the constitutional and common law rights of the plaintiff;

(b) ENTER JUDGMENT awarding plaintiff compensatory damages from the defendants in an amount appropriate to the proof adduced at trial;

(c) ENTER JUDGMENT awarding plaintiff punitive damages from defendants Walker and Doe in an amount appropriate to the proof adduced at trial;

(d) AWARD the plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(e) GRANT such other and further relief as the Court deems just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

Respectfully submitted,

_____
Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar #455377)
American Civil Liberties Union
   of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for the Plaintiff

November 13, 2007

-9-

Case 1:07-cv-02047-RWR   Document 1-2   Filed 11/13/2007   Page 1 of 2   07-2047 RWR

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Erick J. Parker

## DEFENDANTS
Officer Gary Walker, Jr.
Officer John Doe
The District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF — Arlington, VA ~~88888~~
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Arthur B. Spitzer
Frederick V. Mulhauser
ACLU of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, DC 20036
(202) 457-0800

Case: 1:07-cv-02047
Assigned To : Roberts, Richard W.
Assign. Date : 11/13/2007
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*  OR  ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

DC TWICE

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ⦿ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. sec. 1983: violation of Fourth Amendment rights by District of Columbia police officers, as well as related common-law claims

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ Yes   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11 / 13 / 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.