UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK J. PARKER<br>5055 Seminary Rd., #1425<br>Alexandria, VA 22311,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER GARY WALKER, JR.<br>Badge #0221<br>Metropolitan Police Department<br>Fifth District - 1805 Bladensburg Rd., N.E.<br>Washington, DC 20002,<br><br>OFFICER MARK QUAT MATHIAS<br>Badge #1328<br>Metropolitan Police Department<br>Fifth District - 1805 Bladensburg Rd., N.E.<br>Washington, DC 20002,<br><br>  *and*<br><br>DISTRICT OF COLUMBIA<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20004,<br><br>    Defendants. | No. 07-cv-2047-RWR<br><br>Jury Trial Demanded |

## AMENDED COMPLAINT
**(Police Misconduct: Violation of rights under the Constitution of the United States and the common law of the District of Columbia)**

1. This is an action for damages and other relief by Erick J. Parker, who while at work was arrested, detained, and publicly humiliated by police officers without any lawful basis and with the sole and illegitimate purpose of embarrassing Mr. Parker. The officers' actions were an

intentional and outrageous violation of Mr. Parker's constitutional and other rights, constituting an unreasonable seizure, false arrest, assault and battery, and intentional infliction of emotional distress. The plaintiff accordingly seeks compensatory and punitive damages, fees, costs, and other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff brings this action under 42 U.S.C. § 1983 to vindicate rights established under the Fourth Amendment to the United States Constitution. He also seeks relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. His claims under the common law of the District of Columbia arise from the same occurrences as his constitutional claims and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The events giving rise to the plaintiff's claims occurred in this judicial district.

## PARTIES

4. Plaintiff Erick J. Parker is an adult resident of the State of Virginia.

5. Defendant Gary Walker, Jr., is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), assigned Badge No. 0221. He is sued in his individual capacity.

6. Defendant Mark Quat Mathias is a sworn officer employed by the District of Columbia Metropolitan Police Department (MPD), assigned Badge No. 1328. He is sued in his individual capacity.

7. Defendant District of Columbia is a municipal corporation, the local government of Washington, D.C.

**FACTS**

8.  On the evening of November 26, 2006, Mr. Parker was working at Rite-Aid Pharmacy #4957, located at 1401 Rhode Island Ave., N.E., Washington, D.C. 20018, where he was the Store Manager. Employees at the store at the time included Mr. Parker, cashier Latonya Dempsey, Loss Prevention Assistant Tasha Reid, and pharmacist Cleophus Atkins.

9.  At around 8:00 p.m., an argument began as Ms. Dempsey rang up purchases for a customer. The customer wanted a price check on an item that she purchased because the price rang up higher than she thought it should. Mr. Parker, who was working at the Photo Department, arrived to assist. There were several other customers waiting in line. So that Ms. Dempsey could serve those customers while he performed the price check, Mr. Parker voided the customer's sale. He told the customer that he would finish the transaction at the Photo Department register after he completed the price check.

10. The customer, who was accompanied by her daughter, was dissatisfied with Mr. Parker's explanation and began to argue with him, demanding that he immediately perform the price check and complaining that she had not told him to void her sale. Around that time, Mr. Atkins, later identified as the customer's husband, arrived near the register. The customer started to complain to him about Mr. Parker, calling him a "poor manager." Mr. Parker told her that she could leave the store or file a complaint with the Rite-Aid corporate office.

11. The argument between Mr. Parker and the customer was at all times verbal; it did not escalate to yelling or disruptive conduct.

12. Officers Gary Walker, Jr., and Mark Quat Mathias from the MPD Fifth District entered the store, apparently by coincidence. They witnessed the argument. Officer Mathias asked Mr. Parker if Mr. Parker could speak with him in Mr. Parker's office. Mr. Parker agreed.

13.  Officer Walker remained at the register and questioned the customer and her daughter, while Mr. Parker led Officer Mathias to the office.  Mr. Parker explained that the customer appeared dissatisfied with his handling of her inquiry about a price. Officer Mathias told Mr. Parker to "stay calm" and said that he should not have gotten so upset.

14.  After Mr. Parker finished explaining what happened, he and Officer Mathias waited in the office for Officer Walker.

15.  Officer Walker came into the office.  He immediately was aggressive and confrontational.  Nothing Mr. Parker had said or done warranted Officer Walker's reaction.

16.  The first thing Officer Walker said to Mr. Parker was: "You know we can arrest you?"  Mr. Parker responded: "No, you can't. I didn't do anything wrong."  Officer Mathias told Mr. Parker to put his hands behind his back.  He complied.  The officers handcuffed him and told him that he was under arrest.

17.  When the two officers led Mr. Parker out of the office, Officer Walker said: "We are going to show you what we can do. We're going to embarrass you."  They paraded Mr. Parker through the store.  Instead of continuing out the door to their cruiser, they instructed Mr. Parker to sit on a low storage container at the front of the store, in handcuffs and in full view of customers and staff.  To Mr. Parker, this position was extremely demeaning.

18.  Officer Walker resumed talking to the customer and her daughter, while Officer Mathias stood next to Mr. Parker as though guarding a prisoner.  After approximately ten minutes, Officer Walker returned and Officer Mathias walked away.  Officer Walker requested Mr. Parker's driver's license and asked if he was calm.  He then told Mr. Parker: "You know how you can get yourself out of this situation?"  Mr. Parker asked how.  Officer Walker

responded: "Apologize to this lady." Lacking any other way to end his humiliating ordeal, Mr. Parker agreed to apologize.

19. Officer Walker motioned to Officer Mathias to locate the customer and her daughter. During this time period Mr. Parker remained seated, handcuffed, and in the same demeaning position. After approximately fifteen minutes, the customer and her daughter came to the front of the store. The officers finally removed the handcuffs. Mr. Parker apologized to the customer and her daughter at the front of the store, in full view of other customers and Rite-Aid staff.

20. Mr. Parker issued the customer a rain check and began closing the store. The officers continued to chat with the customer and her daughter. Eventually the officers and the customer left. The entire incident lasted about an hour and fifteen minutes.

21. In total, Mr. Parker was handcuffed and forcibly seated at the front of the store under police watch for about twenty-five minutes. At all times he was publicly visible to customers and other store staff.

22. Mr. Parker was embarrassed and extremely humiliated by this event. This was the specific purpose of Officers Walker and Mathias as evidenced by their comments to Mr. Parker: to publicly shame him.

23. The officers' actions deprived Mr. Parker of his liberty. But he was never charged with a crime.

24. At no time did the officers have reasonable suspicion or probable cause to believe Mr. Parker had committed, was committing, or was about to commit a criminal offense.

25. On information and belief, no written police record was created documenting Mr. Parker's arrest and its basis in fact and law.

26. On information and belief, the officers made no written report of the arrest because they knew that their actions lacked any lawful basis.

27. At all times relevant to this complaint, the officers acted under color of law, statute, custom, or usage of the District of Columbia.

28. At all times relevant to this complaint, the officers acted within the scope of their employment as MPD officers and acted on behalf of and in the interests of their employer.

29. The officers acted with malice towards Mr. Parker and with reckless indifference to and deliberate disregard of his constitutional and other legal rights.

30. At the time of Mr. Parker's arrest, it was clearly established as a matter of law that the state may not seize or arrest an individual without probable cause to believe that he had committed, was committing, or was about to commit a criminal offense.

31. The notice-of-claim requirement stated in D.C. Code § 12-309 was satisfied by a January 12, 2007, letter sent by counsel and acknowledged by the D.C. Government Office of Risk Management. The Office of Risk Management identified the claim as #DMPSJ009945.

32. Mr. Parker filed complaints about these events with the MPD and with the District of Columbia Office of Police Complaints. On or about April 13, 2007, the Office of Police Complaints informed Mr. Parker that it would take no further action on his complaint because the MPD had investigated and sustained Mr. Parker's complaint and "MPD will take or has taken disciplinary action against the officers."

### CLAIM I: VIOLATION OF FOURTH AMENDMENT RIGHTS
(Officer Gary Walker, Jr., and Officer Mark Quat Mathias)

33. On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer Mark Quat Mathias are liable to the plaintiff for violation under color of District of Columbia law of his constitutional right to be free from unreasonable seizure when they arrested the plaintiff

without probable cause to believe that he was committing a crime.  The right to be free from unreasonable seizure is protected by the Fourth Amendment to the United States Constitution and its violation is made actionable by 42 U.S.C. § 1983.

## CLAIM II: FALSE ARREST
### (Officer Gary Walker, Jr., and Officer Mark Quat Mathias)

34.  On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer Mark Quat Mathias are liable to the plaintiff under District of Columbia law for false arrest when the officers arrested the plaintiff without any basis in fact or good-faith belief that there was probable cause to believe the plaintiff had committed, was committing, or was about to commit a crime.

## CLAIM III: FALSE ARREST
### (District of Columbia)

35.  On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for false arrest based on a theory of *respondeat superior* liability when its employees Officer Gary Walker, Jr., and Officer Mark Quat Mathias, acting in the scope of their employment, arrested plaintiff without any basis in fact or good-faith belief that there was probable cause to believe that the plaintiff had committed, was committing, or was about to commit a crime.

## CLAIM IV: ASSAULT AND BATTERY
### (Officer Mark Quat Mathias)

36.  On the facts alleged above, defendant Officer Mark Quat Mathias is liable to the plaintiff under District of Columbia law for assault and battery when, without any lawful basis, Officer Mathias used physical force to cuff the plaintiff's hands behind his back and to parade him through the store.

## CLAIM V: ASSAULT AND BATTERY
### (District of Columbia)

37. On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for assault and battery based on a theory of *respondeat superior* liability when its employee, Officer Mark Quat Mathias, acting in the scope of his employment, used physical force to cuff the plaintiff's hands behind his back and to parade him through the store.

## CLAIM VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Officer Gary Walker, Jr., and Officer Mark Quat Mathias)

38. On the facts alleged above, defendants Officer Gary Walker, Jr., and Officer Mark Quat Mathias are liable to the plaintiff under District of Columbia law for intentional infliction of emotional distress when, without any lawful basis, the officers abused their positions in order to publicly humiliate the plaintiff by parading him and detaining him in handcuffs in full view of customers and staff. The officers either intended to cause severe emotional distress or recklessly disregarded the likelihood that they would cause such distress, and they did in fact cause Mr. Parker severe emotional distress.

## CLAIM VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia)

39. On the facts alleged above, defendant District of Columbia is liable to the plaintiff under District of Columbia law for intentional infliction of emotional distress based on a theory of *respondeat superior* liability when its employees Officer Gary Walker, Jr., and Officer Mark Quat Mathias, acting in the scope of their employment but without any lawful basis, publicly humiliated the plaintiff by parading him and detaining him in handcuffs in full view of customers and staff, intentionally or recklessly causing him severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court:

(a) ENTER JUDGMENT declaring that the actions of the defendants violated the constitutional and common law rights of the plaintiff;

(b) ENTER JUDGMENT awarding plaintiff compensatory damages from the defendants in an amount appropriate to the proof adduced at trial;

(c) ENTER JUDGMENT awarding plaintiff punitive damages from defendants Walker and Mathias in an amount appropriate to the proof adduced at trial;

(d) AWARD the plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

(e) GRANT such other and further relief as the Court deems just and proper.

## JURY DEMAND

Trial by jury is demanded on all issues for which a jury trial is available.

Respectfully submitted,

/s/ *Arthur B. Spitzer*

_____
Arthur B. Spitzer (DC Bar #235960)
Frederick V. Mulhauser (DC Bar #455377)
American Civil Liberties Union
  of the National Capital Area
1400 20th St., NW, Suite 119
Washington, DC 20036
(202) 457-0800
(202) 452-1868 (fax)

Attorneys for the Plaintiff

January 14, 2008