**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERICK J. PARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER GARY WALKER, JR.,<br><br>-and-<br><br>OFFICER JOHN DOE,<br><br>-and-<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendants. | 1:07- cv -02047 (RWR) |

**DEFENDANT OFFICER GARY WALKER JR.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant Officer Gary Walker, Jr. (hereinafter "the Defendant"), by and through counsel, responds to the Complaint, as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant responds in like-numbered paragraphs as follows:

1.    The defendant denies the allegations in paragraph 1.

Jurisdiction and Venue

2.-3.     This defendant acknowledges the statutory authorities cited in paragraphs 2 and 3 of the Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

Parties

4.     The defendant is without sufficient information to either admit or deny the allegations in paragraph 4.

5.     The defendant admits that he is employed as a police officer with the District of Columbia Metropolitan Police Department and that on the date of the alleged incident his badge number was 0221.  No response is required with respect to the capacity in which defendant Walker is sued.

6.     The defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 6.  To the extent a response is required, this defendant denies the allegations.

7.     The defendant admits that the District of Columbia is a municipality.

The Facts

8.-11.   The defendant is without sufficient information to either admit or deny the allegations in paragraphs 8 through 11.  To the extent a response is required, this defendant denies the allegations.

12.     The defendant admits the allegations in paragraph 12.

13.     The defendant denies the allegation in the first sentence of paragraph 13 and is without sufficient information to either admit or deny the remaining allegations.

14.     The defendant is without sufficient information to either admit or deny the allegations in paragraph 14.

15.     The defendant denies the allegations in paragraph 15.

16. The defendant admits that the plaintiff was placed in handcuffs for purposes of security and safety, but denies the remaining allegations in paragraph 16.

17. The defendant admits that the plaintiff was escorted to the front of the store, but denies the remaining allegations in paragraph 17.

18. The defendant denies the allegations in paragraph 18.

19. The defendant denies the allegations in paragraph 19.

20. The defendant is without sufficient information to either admit or deny allegations in paragraph 20.

21. The defendant admits that the plaintiff was handcuffed and escorted to the front of the store, but denies the remaining allegations in paragraph 21.

22. The defendant denies the allegations in paragraph 22.

23. The defendant admits that the plaintiff was not charged with a crime. The remaining allegations in paragraph 23 are legal conclusions of the pleader to which no response is required.

24. The allegations in the Complaint are legal conclusions of the pleader to which no response is required.

25. The defendant lacks sufficient information at this time to either admit or deny the allegations in paragraph 25.

26. The defendant denies the allegations in paragraph 26.

27.-31. The allegations in paragraphs 27 through 31 are legal conclusions of the pleader to which no response is required.

32. This defendant admits that plaintiff filed a complaint regarding the alleged incident. This defendant lacks sufficient information at this time to either admit or deny the remaining allegations.

33.-39. The defendant denies the allegations in claims one through seven as articulated in paragraphs 33 through 39.

Further answering, the defendant denies all allegations not specifically admitted herein or otherwise responded to.

### THIRD DEFENSE

Plaintiff cannot establish that any District custom, practice or policy was the moving force behind the alleged violation of his constitutional rights.

### FOURTH DEFENSE

The District cannot be held liable under a theory of respondeat superior liability for the alleged constitutional misconduct of its employees.

### FIFTH DEFENSE

The defendant acting within the course and scope of his employment, performed his obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

### SIXTH DEFENSE

If the plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from sole or concurring intentional conduct of a person or persons other than the defendant.

### SEVENTH DEFENSE

If the plaintiff was injured and/or damaged as alleged in Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

### EIGHTH DEFENSE

If the plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by his own willful conduct.

### NINTH DEFENSE

All actions performed by the defendant, acting within the scope of his employment, met or exceeded the applicable standard of care.

### TENTH DEFENSE

The defendant Walker acting within the scope of his employment may be immune from liability under the doctrine of governmental immunity, privilege and/or official capacity.

### ELEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### TWELFTH DEFENSE

The statute of limitations may bar all or part of plaintiff's claims, or laches may bar this action.

The defendant intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The defendant expressly reserves its right to assert or amend such defenses as the facts become known.

### SET-OFF

The defendant asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

**REQUEST AND DEMAND FOR JURY TRIAL**

The defendant, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award the defendant the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Eric S. Glover
        ERIC S. GLOVER[1]
        Assistance General Counsel
        441 Fourth Street, N.W. Suite 6N04
        Washington, D.C. 20001
        (202) 442-9754; (202) 724-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.