UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK J. PARKER,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER GARY WALKER, JR.,<br><br>-and-<br><br>OFFICER JOHN DOE,<br><br>-and-<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendants. | 1:07- cv -02047 (RWR) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
## TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the Amended Complaint, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Amended Complaint, the defendant District of Columbia responds in like-numbered paragraphs as follows:

1.    The allegations in paragraph 1 are the legal conclusions of the pleader to which no response is required.

Jurisdiction and Venue

2.-3.    The allegations in paragraphs 2 and 3 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

Parties

4.    The defendant is without sufficient information to either admit or deny the allegations in paragraph 4.

5.-6.    The District admits that it employs defendants Walker and Mathias as police officers with the District of Columbia Metropolitan Police Department.  No response is required with respect to the capacity in which defendants Walker and Mathias are sued.

7.    The defendant admits that it is a municipality.

Facts

8.    This defendant admits that on November 26, 2006, plaintiff worked at Rite-Aid Pharmacy, located at 1401 Rhode Island Avenue, N.E., Washington, D.C.  This defendant lacks sufficient information to either admit or deny the remaining allegations.

9.-11.   The defendant is without sufficient information to either admit or deny the allegations in paragraphs 9 through 11.  To the extent a response is required, this defendant denies the allegations.

12.    This defendant admits the allegations in paragraph 12.

13.    This defendant admits that defendant Mathias and plaintiff walked to plaintiff's office, and that he remained and spoke with the customer in the store.  This defendant is without sufficient information to either admit or deny the remaining allegations.

14. This defendant admits that defendant Walker joined plaintiff and defendant Mathias in plaintiff's office. This defendant is without sufficient information to either admit or deny the remaining allegations.

15. This defendant denies the allegations in paragraph 15.

16. The defendant admits that the plaintiff was placed in handcuffs. The defendant denies the remaining allegations in paragraph 16.

17. The defendant admits that the plaintiff was escorted to the front of the store, but denies the remaining allegations in paragraph 17.

18. The defendant denies the allegations in paragraph 18.

19. The defendant admits that the plaintiff apologized to the customer, but denies the remaining allegations in paragraph 19.

20. The defendant is without sufficient information to either admit or deny allegations in paragraph 20.

21. The defendant denies the allegations in paragraph 21.

22. The defendant denies the allegations in paragraph 22.

23. The defendant admits that the plaintiff was not charged with a crime. The remaining allegations in paragraph 23 are legal conclusions of the pleader to which no response is required.

24. The allegations in paragraph 24 are legal conclusions of the pleader to which no response is required.

25. The defendant admits that the plaintiff was not charged with a crime. Further responding, this defendant denies the remaining allegations in paragraph 25.

26. The defendant denies the allegations in paragraph 26.

27.-28.   The allegations in paragraphs 27 and 28 are legal conclusions of the pleader to which no response is required.

29.   This defendant denies the allegations in paragraph 29 of the Amended Complaint.

30.-31. The allegations in paragraphs 30 and 31 are legal conclusions of the pleader to which no response is required.

32.   This defendant admits that plaintiff filed a complaint regarding the alleged incident. This defendant lacks sufficient information at this time to either admit or deny the remaining allegations.

CLAIM I:  VIOLATION OF FOURTH AMENDMENT RIGHTS
(Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

33.   These allegations are directed to defendants Walker and Mathias and not this defendant. Therefore, no response is required.

CLAIM II:  FALSE ARREST
(Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

34.   These allegations are directed to defendants Walker and Mathias and not this defendant. Therefore, no response is required.

CLAIM III:  FALSE ARREST
(District of Columbia

35.   The District denies these allegations.

CLAIM IV:  ASSAULT AND BATTERY
(Officer Mark Quat Mathias)

36.   These allegations are directed to defendant Mathias and not this defendant. Therefore, a response is not required.

CLAIM V:  ASSAULT AND BATTERY
(District of Columbia)

37. The District denies these allegations.

CLAIM VI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

38. The allegations are directed to defendants Walker and Mathias and do not require a response from this defendant.

CLAIM VII:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia)

39. The District denies these allegations.

Further answering, the District denies all allegations not specifically admitted herein or otherwise responded to.

Third Defense

Plaintiff cannot establish that any District custom, practice or policy was the moving force behind the alleged violation of his constitutional rights.

Fourth Defense

The District cannot be held liable under a theory of r*espondeat superior* liability for the alleged constitutional misconduct of its employees.

Fifth Defense

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

Sixth Defense

If the plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages resulted from sole or concurring intentional conduct of a person or persons other than the District, it employees, agents, or servants acting within the scope of their employment.

Seventh Defense

If the plaintiff was injured and/or damaged as alleged in Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

Eighth Defense

Plaintiff may have failed to mitigate his damages.

Ninth Defense

Plaintiff may not have fully satisfied the requirements of D.C. Official Code § 12-309.

Tenth Defense

The statute of limitations may bar all or part of plaintiff's claims, or laches may bar this action.

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources.  The District expressly reserves its right to assert or amend such defenses as the facts become known.

Set-Off

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

Request and Demand for Jury Trial

The District, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award the District the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

　　/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

　　/s/ Eric S. Glover
ERIC S. GLOVER  [978841]
Assistance General Counsel
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295