# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICK J. PARKER, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER GARY WALKER, JR., <br><br> -and- <br><br> OFFICER MARK QUAT MATHIAS, <br><br> -and- <br><br> DISTRICT OF COLUMBIA, <br><br> Defendants. | 1:07- cv-02047 (RWR) |

## DEFENDANT OFFICER GARY WALKER'S ANSWER
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Officer Gary Walker, Jr. (hereinafter "the Defendant"), by and through counsel, responds to the Amended Complaint, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Amended Complaint, the defendant responds in like-numbered paragraphs as follows:

1.  The allegations in paragraph 1 are the legal conclusions of the pleader to which no response is required.

Jurisdiction and Venue

2.-3.	The allegations in paragraphs 2 and 3 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

Parties

4.	The defendant is without sufficient information to either admit or deny the allegations in paragraph 4.

5.	The defendant admits that he is employed as a police officer with the District of Columbia Metropolitan Police Department.  No response is required with respect to the capacity in which this defendant is sued.

6.	The defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 6.

7.	The defendant admits that the District of Columbia is a municipality.

Facts

8.	This defendant admits that on November 26, 2006, plaintiff worked at Rite-Aid Pharmacy, located at 1401 Rhode Island Avenue, N.E., Washington, D.C.  This defendant lacks sufficient information to either admit or deny the remaining allegations.

9.-11.	The defendant is without sufficient information to either admit or deny the allegations in paragraphs 9 through 11.  To the extent a response is required, this defendant denies the allegations.

12.	This defendant admits the allegations in paragraph 12.

13. This defendant admits that defendant Mathias and plaintiff walked to plaintiff's office, and that he remained and spoke with the customer in the store. This defendant is without sufficient information to either admit or deny the remaining allegations.

14. This defendant admits that he joined plaintiff and defendant Mathias in plaintiff's office. This defendant is without sufficient information to either admit or deny the remaining allegations.

15. This defendant denies the allegations in paragraph 15.

16. The defendant admits that the plaintiff was placed in handcuffs. The defendant denies the remaining allegations in paragraph 16.

17. The defendant admits that the plaintiff was escorted to the front of the store, but denies the remaining allegations in paragraph 17.

18. The defendant denies the allegations in paragraph 18.

19. The defendant admits that the plaintiff apologized to the customer, but denies the remaining allegations in paragraph 19.

20. The defendant is without sufficient information to either admit or deny allegations in paragraph 20.

21. The defendant denies the allegations in paragraph 21.

22. The defendant denies the allegations in paragraph 22.

23. The defendant admits that the plaintiff was not charged with a crime. The remaining allegations in paragraph 23 are legal conclusions of the pleader to which no response is required.

24. The allegations in paragraph 24 are legal conclusions of the pleader to which no response is required.

25. The defendant admits that the plaintiff was not charged with a crime. Further responding, this defendant denies the remaining allegations in paragraph 25.

26. The defendant denies the allegations in paragraph 26.

27.-28. The allegations in paragraphs 27 and 28 are legal conclusions of the pleader to which no response is required.

29. This defendant denies the allegations in paragraph 29 of the Amended Complaint.

30.-31. The allegations in paragraphs 30 and 31 are legal conclusions of the pleader to which no response is required.

32. This defendant admits that plaintiff filed a complaint regarding the alleged incident. This defendant lacks sufficient information at this time to either admit or deny the remaining allegations.

### CLAIM I: VIOLATION OF FOURTH AMENDMENT RIGHTS
(Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

33. The defendant denies the allegations in paragraph 33 of the Amended Complaint.

### CLAIM II: FALSE ARREST
(Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

34. The defendant denies the allegations in paragraph 34 of the Amended Complaint.

### CLAIM III: FALSE ARREST
(District of Columbia

35. These allegations are directed to defendant District of Columbia and does not require a response from this defendant.

### CLAIM IV: ASSAULT AND BATTY
(Officer Mark Quat Mathias)

36. These allegations are directed to defendant Mathias and not this defendant. Therefore, a response is not required.

### CLAIM V: ASSAULT AND BATTY
### (District of Columbia)

37.    These allegations are directed to defendant District of Columbia and do not require a response from this defendant.

### CLAIM VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Officer Gary Walker, Jr. and Officer Mark Quat Mathias)

38.    This defendant denies the allegations in paragraph 38 of the Amended Complaint.

### CLAIM VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia)

39.    These allegations are directed to defendant District of Columbia and do not require a response from this defendant.

Further answering, the defendant denies all allegations not specifically admitted herein or otherwise responded to.

### THIRD DEFENSE

This defendant may be entitled to qualified immunity and/or a privilege for his complained about conduct.

### FOURTH DEFENSE

The defendant acting within the course and scope of his employment, performed his obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

### FIFTH DEFENSE

If the plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from sole or concurring intentional conduct of a person or persons other than the defendant.

### SIXTH DEFENSE

If the plaintiff was injured and/or damaged as alleged in Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

### SEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### EIGHTH DEFENSE

The statute of limitations may bar all or part of plaintiff's claims, or laches may bar this action.

The defendant intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources.  The defendant expressly reserves its right to assert or amend such defenses as the facts become known.

### REQUEST AND DEMAND FOR JURY TRIAL

The defendant, by and through his counsel, respectfully requests a jury trial in this matter.

WHEREFORE, this defendant prays that the Court will dismiss the Complaint and award the defendant the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

>  Respectfully submitted,
>
>  PETER J. NICKLES
>  Interim Attorney General for the District of
>  Columbia
>
>  GEORGE C. VALENTINE
>  Deputy Attorney General, Civil Litigation Division

      /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


      /s/ Eric S. Glover
ERIC S. GLOVER [978841]
Assistance General Counsel
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295